UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JACOBS, | No. C 11-6324 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| ALL WEST BLOCK CORRECTIONAL OFFICERS; et al., | |
| Defendants. | |

## INTRODUCTION

John Jacobs, an inmate at San Quentin State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Jacobs alleges in his complaint that, on December 5, 2011, he asked about the use of clippers for haircuts and was told that hair clippers were "for mainline inmates only," which he apparently was not. Complaint, p. 3. As of the time of filing the complaint, he had not been provided "personal grooming" – apparently referring to hair clippers for a haircut-- for three weeks. Complaint, p. 3. He also alleges that he was denied cleaning products to clean his cell for the "whole duration of [his] stay" at San Quentin. *Id.* He does not state how long his stay was. He also appears to allege that he did "not get proper shower/laundry programs." *Id.* at 5.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment to the U.S. Constitution prohibits the infliction of cruel and unusual punishments. "The Constitution does not mandate comfortable prisons, . . . but neither does it permit inhumane ones." *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations and quotation marks omitted). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Id.* Prison authorities may not deny prisoners "'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert. denied*, 532 U.S. 1065 (2001). Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force); *Hearns v. Terhune*, 413 F.3d 1036 (9th Cir. 2005) (allegations of serious health hazards in disciplinary

segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), *amended*, 75 F.3d 448 (9th Cir. 1995); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), *judgment vacated on other grounds*, 493 U.S. 801 (1989); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water for hours).

The complaint fails to state a claim for relief under § 1983. Leave to amend will be granted so that Jacobs may attempt to cure the several deficiencies in his pleading.

The failure to provide Jacobs the means to obtain a hair cut for three weeks came nowhere near to being an Eighth Amendment violation. Even assuming he needed a haircut, one cannot seriously say that living without a needed haircut for three weeks deprived Jacobs of the minimal civilized measure of life's necessities. The claim that he was not provided hair clippers and/or a hair cut for three weeks is dismissed.

Jacobs alleges that he has not been provided cleaning products to clean his cell. Whether the denial of cleaning products amounts to an Eighth Amendment violation depends on the length of time the denial lasted. Jacobs does not allege how long he had been denied cleaning products, as he must in his amended complaint so that the court may determine whether a claim has been stated.

Additionally, Jacobs must link particular defendants to the claim. His complaint lists the defendants as "all West block correctional officers, sgts., lt. capts. – all Jane & John Doe - up to and including Associate warden, warden and then director of CDCR." Docket # 1, p. 1. This group listing is unacceptable. Jacobs must identify each individual person whose acts or omissions caused a violation of his constitutional rights. As to every defendant he seeks to hold

liable, Jacobs must name him/her in his amended complaint and must allege his claim(s) against him/her. In his amended complaint, he should describe what each defendant did (or failed to do) that caused a violation of his constitutional rights so that each proposed defendant has fair notice of his allegedly wrongful conduct. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal participation by a defendant).

Jacobs' allegation that he has not been provided "proper" laundry and shower programs is so lacking in detail that the court cannot determine whether a claim has been stated for an Eighth Amendment violation. Because of his references to "proper" and "programs," it is not clear whether there has been a complete denial of any laundry service and a complete denial of any shower time, or whether his complaint concerns the quality of that which is made available to him. In his amended complaint, Jacobs must describe the facts regarding the denial of the laundry and shower facilities, and duration of such denials. He also must link individual defendants to the shower and laundry claims, as explained in the preceding paragraph.

Jacobs is cautioned that he must write more legibly in all future filings so the court can understand what he is describing or requesting. The court accepts both handwritten and typed complaints from incarcerated persons, but all documents have to be legible.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **May 31, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 5, 2012

_____
SUSAN ILLSTON
United States District Judge